UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWENDOLYN M. HEMPHILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Case No. 1:08-cv-00624 (RJL) |
| ) | Criminal Case No. 03-cr-516 (RJL) |
| ) | |
| UNITED STATES OF AMERICA ) | |
| ) | |
| Respondent. ) | |
| ) | |

FILED

MAR 0 9 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

**MEMORANDUM OPINION**
(March 9, 2009) [# 367 (08-cr-516); # 1 (1:08-cv-00624)]

Petitioner Gwendolyn M. Hemphill ("petitioner"), a federal Bureau of Prisons inmate, filed a Motion to Vacate, Set Aside, or Correct the Sentence with the Court pursuant to 28 U.S.C. § 2255. She alleges she is entitled to relief based on ineffective assistance of counsel. The government opposes her motion, arguing she failed to establish deficiency of counsel or resulting prejudice, as required for ineffective assistance of counsel claims under *Strickland v. Washington*, 466 U.S. 668 (1984). For the following reasons the Court agrees and DENIES petitioner's motion.

## BACKGROUND

The petitioner was tried and convicted in this Court on August 31, 2005, of multiple counts including embezzlement, money laundering, false pretenses, and conspiracy to commit these crimes as part of a scheme to defraud the Washington Teachers Union. This Court sentenced her on May 22, 2006, to 132 months'

imprisonment, followed by a 36-month term of supervision. She appealed on multiple grounds, and the Court of Appeals affirmed her conviction. *See United States v. Hemphill*, 514 F.3d 1350 (D.C. Cir. 2008).

Before this Court is Petitioner's claim under 28 U.S.C. § 2255, which provides that a prisoner in custody may move the court to vacate, set aside, or correct a sentence on the basis that it was imposed in violation of the Constitution or federal law. Specifically, petitioner contends her counsel, lead counsel Nancy Luque and Deborah St. Jean, who assisted Ms. Luque, were ineffective for several reasons: (1) counsel failed to properly advise petitioner of the consequences of not accepting the government's plea offers; (2) counsel failed to advise petitioner to accept plea offers in light of the government's overwhelming evidence against her; (3) counsel failed to advise her that an acquittal was improbable and she faced a sentence twice as long as that offered under the plea offers; (4) counsel failed to obtain a change of venue by establishing that prejudice from pre-trial publicity denied her right to a fair trial; (5) counsel failed to "strongly argue" at a hearing regarding Brady evidence; (6) counsel failed to follow up after objecting to jury instructions; (7) counsel displayed excessive emotion and thus became an "adversary" of the Court; (8) counsel failed to present meaningful mitigating evidence at sentencing; (9) Counsel failed to inform petitioner that the Government could appeal her downward departure; and (10) counsel failed to file a motion to reduce the sentence.

## ANALYSIS

This Court has the authority to summarily deny a Section 2255 motion without holding an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also United States v. Agramonte*, 366 F. Supp. 2d 83, 86 (D.C.C. 2005). If a Section 2255 motion does not raise "detailed and specific factual allegations" that must be resolved using "information outside of the record or the judge's personal knowledge or recollection," a hearing need not be held. *See Agramonte*, 366 F. Supp. 2d at 86 (internal quotation omitted). The Court concludes that the record of the case conclusively shows that the petitioner is not entitled to relief and that an evidentiary hearing is not warranted.

In her ineffective assistance of counsel claim, petitioner must establish two things. First, she must establish her counsel's performance fell "below an objective standard of reasonableness." *Agramonte*, 366 F. Supp. 2d at 86 (citing *Strickland*, 466 U.S. at 687–88). Only if her counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment" is her performance unreasonable. *Id.* Second, petitioner must establish the deficient performance prejudiced her defense. *Id.*

### Claims Related to the Plea Offer

Petitioner's first three grounds for alleging ineffective assistance of counsel relate to counsel's alleged failure to properly advise Petitioner regarding the plea offer. These claims are without merit, as the government's plea offers expired before Ms. Luque and Ms. St. Jean were retained as petitioner's counsel. *See* Resp't Ex. A at ¶ 3. Although

Ms. Luque tried to obtain an additional plea offer, the government did not extend another one to petitioner. (*See* Resp't Ex. B (containing plea offers, the last of which expired on September 29, 2003, more than two weeks before Ms. Luque began representing petitioner).)

Petitioner's claim also fails to the extent she alleges her previous counsel was ineffective, as Ms. Luque states petitioner said her previous counsel did advise her to accept the plea offer, yet petitioner declined (Resp't Ex. A at ¶ 5). Petitioner does not dispute this.

### Claims Related to Trial

The next three grounds relate to counsel's success at trial. Petitioner alleges her counsel was ineffective because she failed to obtain a change of venue. Counsel did file a motion for a change in venue based on pretrial publicity, and counsel is not ineffective merely because this Court denied her motion. *See Agramonte*, 366 F. Supp. 2d at 86 (citing *Strickland*, 466 U.S. at 699). ("So long as a strategy or tactic employed by counsel was reasonable, that tactic is not a ground for attack even if it proved unsuccessful.").

Petitioner also claims counsel was ineffective for failing to strongly argue or follow up, yet petitioner does not specify what information counsel failed to present or how this prejudiced her defense. The strength to which counsel argued, as well as her courtroom demeanor, was likely a tactical decision, and it does not constitute ineffectiveness here. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983) ("Experienced

advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue . . . .").

### Claims Related to Sentencing

The final three grounds on which petitioner alleges ineffective assistance of counsel relate to sentencing. Petitioner alleges counsel failed to present meaningful mitigating evidence at sentencing and should have filed a motion to reduce the sentence. Again, however, petitioner does not identify what evidence counsel should have presented or how this evidence would have resulted in a different sentence. *See Agramonte*, 366 F. Supp. 2d at 86 (noting petitioners alleging ineffective assistance of counsel are required to establish how a deficient performance prejudiced their defense).

Finally, Petitioner alleges counsel was ineffective for failing to inform her that the government *could* appeal the downward departure. It is unclear how this prejudiced petitioner. It is even less clear why petitioner would have wanted counsel to seek a longer sentence for her in order to avoid a government appeal.

Thus, for all of the above reasons, petitioner's motion is DENIED, and an order consistent with the foregoing accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge