UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GWENDOLYN M. HEMPHILL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Criminal Case No. 03-516-3 (RJL) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**MEMORANDUM ORDER**
(July 3, 2009) [#379, 03-cr-516-3]

FILED
JUL 0 6 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

On January 10, 2008, Gwendolyn M. Hemphill moved to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255. ([Dkt. #367].) Hemphill sought an order vacating her conviction on account of ineffective assistance of counsel. On March 9, 2009, this Court denied her motion, finding that she failed to establish deficiency of counsel or resulting prejudice, as required for ineffective assistance of counsel claims. (Mem. Op., Mar. 9, 2009 [Dkt. #376].) Presently before the Court is Hemphill's Application for a Certificate of Appealability ("COA").

A COA may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

1

*McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4 (1983)). Because reasonable jurists could not find it debatable that Hemphill's ineffective assistance of counsel claim fails for lack of counsel deficiency and lack of prejudice, it is hereby

**ORDERED** that defendant's application for a certificate of appealability is **DENIED**.

/s/ Richard J. Leon
RICHARD J. LEON
United States District Judge